OPINION
{¶ 1} Appellants Arthur and Vicki Maser appeal the decision of the Court of Common Pleas, Stark County, which granted summary judgment to Appellees Nathan and Shirley Teague, et al., in a lawsuit stemming from the sale of residential property. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 3, 2002, Appellees Nathan and Shirley Teague ("the Teagues"), as sellers, entered into a written contract with appellants for appellants' purchase of residential property on Theeland Avenue in Uniontown, Ohio. The real estate purchase agreement included the following notice language: "SELLER warrants that the SELLER has not received written notice of pending assessments for the property." Plaintiffs' Exhibit C. The Teagues also executed a residential property disclosure form, the first paragraph of which included language that the Teagues possessed no greater knowledge concerning the property "than that which could be obtained by careful inspection of the property by the potential purchaser." Plaintiffs' Exhibit D.
 {¶ 3} The parties closed on the deal on May 31, 2002, and appellants took possession. On February 13, 2003, however, appellants filed a complaint in the Stark County Court of Common Pleas, alleging fraud and breach of contract for non-disclosure of upcoming sewer and water improvement assessments on the Theeland Avenue property. Appellants named as defendants the Teagues and Appellee Richard Hughes Realty Co., Inc., dba America's First Choice, the realtor for the Teagues. On March 4, 2003, appellants amended their complaint to add as defendants Appellee Smythe Cramer Realty (appellants' realtor) and Ed and Janene Radford ("the Radfords") (appellants' real estate agents).
 {¶ 4} All appellees filed answers, and discovery ensued. Each appellee thereafter filed separate motions for summary judgment. Appellants filed responses thereto. On January 13, 2004, the trial court issued a judgment entry granting summary judgment as to all appellees.
 {¶ 5} On February 5, 2004, appellants filed a notice of appeal, and herein raise the following sole Assignment of Error:
 {¶ 6} "I. The trial court committed reversible error in granting the appellees[`] motions for summary judgements [sic].
 I. {¶ 7} In their sole Assignment of Error, appellants contend the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 10} In order to prove fraud under Ohio law, each of the following elements must be established: "* * * (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Russ v. TRW, Inc. (1991),59 Ohio St.3d 42, 49, 570 N.E.2d 1076 (citation omitted).
 {¶ 11} The procedures a sewer district must follow in levying special assessments are set forth in R.C. Chapters 6115 and 6117. When a sewer district determines it is necessary to make a public improvement to be paid for by special assessment, plans, specifications, and profiles of the proposed improvement and an estimate of its cost must be maintained in the offices of the board of county commissioners or the sanitary engineer and "shall be open to inspection of all persons interested in the improvement." R.C. 6117.06. The board may then pass a resolution declaring the necessity for the improvement. Among other things, the resolution shall approve the plans and estimate of cost, and provide for the preparation of an estimated assessment. R.C.6117.06. Following a pubic hearing with notice and a five-day period for the filing of written objections, the board of county commissioners may proceed to determine "whether or not it will proceed with the construction of the improvement." R.C. 6117.07.
 {¶ 12} The record in the case sub judice reveals the following timeline of events:
 {¶ 13} 11-5-95: The Teagues sign a neighborhood petition for water improvements.
 {¶ 14} 11-26-95: The Teagues sign a petition for sewer improvements.
 {¶ 15} 9-11-98: Notice is sent to Teagues of an informal neighborhood meeting regarding the topic of water and sewer improvements.
 {¶ 16} 1-9-02: The Stark County Metropolitan Sewer District issues a notice of public hearing to be held by the Stark County Commissioners on 1-30-02.
 {¶ 17} 1-30-02: The Teagues attend the aforesaid public meeting.
 {¶ 18} 4-3-02: Appellants and the Teagues sign real estate purchase agreement.
 {¶ 19} 5-31-02: The real estate closing is conducted.
 {¶ 20} 8-16-02: The Stark County Metropolitan Sewer District issues a notice of a Commissioners' meeting to act on resolution for water and sewer projects.
 {¶ 21} In Layman v. Binns (1988), 35 Ohio St.3d at 176,177, the Ohio Supreme Court aptly noted that without the doctrine of caveat emptor, "nearly every sale would invite litigation instituted by a disappointed buyer." Appellants argue that caveat emptor should not apply, as they could not have discovered the then-future assessment upon a reasonable inspection of the property. See Traverse v. Long (1956), 165 Ohio St. 249, 252. Appellants similarly argue that they were not on actual or constructive notice of any pending assessments merely because of the existence of documents on file with the Stark Metropolitan Sewer District. Appellants further contend that summary judgment was improper based on the following language in the residential property disclosure:
 {¶ 22} "Unless otherwise advised in writing by the owner, the owner, other than having lived at or owning the property, possesses no greater knowledge than that which could be obtained by careful inspection of the property by a potential purchaser." (Emphasis added). See R.C. 5302.30.
 {¶ 23} However, as this Court has previously held, in order to overcome a summary judgment claim in this type of scenario, a buyer must at minimum demonstrate that a duty existed on the part of a seller to notify potential buyers of a pending water or sewer assessment. See Quinn v. Fry, Knox App. No. 02CA03, 2002-Ohio-3075. As in Quinn, appellants herein "have provided no statute or other authority which requires disclosure of a merely contemplated sewer assessment." Id. Given the undisputed fact in this matter that the closing to the transaction at issue predated, by more than two months, even the notice of the Commissioners' final meeting regarding approval of the proposed assessment, we hold summary judgment was properly granted to the various appellees as to appellants' fraud claim.
 {¶ 24} Appellants' sole Assignment of Error is therefore overruled.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellants.